IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEREMY GERALD, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 06-CV-28 (HL) |
| M. HICKS, Warden and THURBERT BAKER, ATTORNEY GENERAL OF GEORGIA, | : | |
| Respondents. | : | |

**RECOMMENDATION**

Presently pending in this federal habeas petition is the respondents' Motion to Dismiss based on a lack of exhaustion. The respondent maintains that the petitioner is seeking to challenge the validity of a 2005 arrest warrant issued by a Lowndes County magistrate judge but has not pursued available state law remedies. In response, the petitioner, who is apparently in the custody of the Florida Department of Corrections, maintains that exhaustion is not required herein, inasmuch as his challenge involves extradition proceedings. In his petition for federal habeas relief, the petitioner states that "his detention under warrant of the respondent is illegal" and attaches a copy of an arrest warrant issued by Lowndes County, Georgia, for the petitioner on the basis of aggravated assault on a police officer.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner's claims will be

considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986). As the respondent argues, the petitioner can still pursue a state habeas petition and/or a challenge to the arrest warrant under the Interstate Detainers Act (IAD). See Sweeney v. Woodall, 344 U.S. 86 (1952) (habeas petitioner required to exhaust available state law remedies in the state seeking future detention). Inasmuch as the petitioner has not pursued available state law remedies to challenge his 2005 arrest warrant, it is the recommendation of the undersigned that the respondents' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 10th day of January, 2007.

       /s/ ***Richard L. Hodge***
       RICHARD L. HODGE
       UNITED STATES MAGISTRATE JUDGE

asb